UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SIEGFRIED MONTANO, individually and
SG MONTANO LTD. PRNRS d/b/a/MONTANO
& ASSOCIATES, CPA'S, a limited partnership,

        Plaintiffs,

vs.                          No. _____

CERTEGY CHECK SERVICES, INC.,

        Defendant.

## MOTION TO DISMISS PLAINTIFFS' COMPLAINT

Defendant Certegy Check Services, Inc. ("Certegy") moves pursuant to Fed.R.Civ.Pro. 12(b)(6) to dismiss Plaintiffs' Complaint in its entirety. Plaintiffs assert three causes of action in their Complaint: Count I - Publicity Portraying a Person in a False Light, Count II - Violation of the Fair Credit Reporting Act, and Count III - Violation of the Unfair Practices Act. Plaintiffs, however, fail to state a claim upon which relief may be granted under any of these causes of action.

    **I.**    **Introduction**

Plaintiff, Siegfried Montano is the principal of Montano & Associates, CPA. Complaint, ¶ 7. On September 6, 2008, Walgreens declined Plaintiff Siegfried Montano, CPA's personal check in the amount of $21.33. *Id.*, ¶ 10. The check was rejected because it matched "high risk patterns Certegy was tracking at Walgreens on that day." *Id.*, ¶ 14. Plaintiffs' Complaint does not allege any further rejections related to the personal checks of Plaintiff Montano.

On September 17, 2008, Plaintiff Montano & Associates claims that Defendant Certegy declined a $39.25 company check to Harbor Freight Tools.[1] Complaint, ¶ 17. The check was rejected because of a bank "input or communication error." *Id.* Thereafter, a Montano & Associates employee attempted to cash a payroll check dated December 17, 2008 but the check was refused because it was a payroll check which met proprietary risk management guidelines. *Id.*, ¶ 21. Plaintiffs' Complaint does not allege any further problems related to the company checks of Plaintiff Montano & Associates.[2]

In Count I, Plaintiffs claim that they were publically portrayed in a false light by the rejections and that the rejections related to their checks were highly offensive because their professional reputation depends on honesty and competence in financial matters. Complaint, ¶ 23. In Count II, Plaintiffs alleged violations of the Fair Credit Reporting Act. *Id.*, ¶¶ 26-29. Finally, in Count III, Plaintiffs allege Certegy violated New Mexico's Unfair Practices Act by disparaging their services through false and/or misleading representations. *Id.*, ¶¶ 30-33. For the reasons stated below, each of these claims should be dismissed as a matter of law.

II.     **Dismissal of Plaintiffs' state law claims is appropriate because they derive from the same common nucleus of fact as Plaintiffs' federal law claim.**

Certegy removed this case pursuant to 28 U.S.C. § 1441(a) because it is a civil action over which the district courts have original jurisdiction. Specifically, Count II of Plaintiffs' Complaint asserts a claim for violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681s(2)(b) and § 1681s(2)(a)(3). Complaint, ¶¶ 27, 28. "Once a court has original jurisdiction over some claims in the action, it may exercise supplemental jurisdiction over additional claims that are part

---

[1] Certegy denies that it 'accepts' or 'declines' checks. For purposes of this Motion to Dismiss only, Certegy accepts as true all of Plaintiffs' claims, including Plaintiffs' claim that it "rejected" the check Plaintiff tendered to Harbor Freight Tools.

[2] Complaint Paragraph 18 vaguely alleges that Certegy sent Montano & Associates a copy of a Consumer Report which listed "22 transactions reviewed by Certegy in the 12 preceding months. Of those 22 transactions, 8 were not authorized, and 14 were authorized." There are no allegations of wrongdoing in relation to these 22 transactions and, therefore, are not addressed further in this Motion.

of the same case or controversy." *Exxon Mobil Corp. v. Allapattah Services, Inc.*, 545 U.S. 546, 552 (2005); *United Intl. Holdings, Inc. v. Wharf (Holdings) Ltd.,* 210 F.3d 1207, 1220 (10th Cir. 2000) (once federal jurisdiction exists, the district court has discretion to exercise supplemental jurisdiction over state law claims); and, 28 U.S.C. § 1367(a).

Certegy respectfully requests this Court exercise supplemental jurisdiction over Plaintiffs' remaining state law claims, Count I: Publicity Portraying a Person in a False Light and Count III: Violation of New Mexico's Unfair Practices Act because the federal and state law claims all arise from the same case or controversy (three rejected checks and Certegy's related alleged actions).

### III.     Plaintiffs have not stated a viable claim under the Fair Credit Reporting Act

Plaintiffs' Complaint claims that Certegy violated 15 U.S.C. § 1681s(2)(b) and § 1681s(2)(a)(3). Complaint, ¶¶ 27, 28. These statutory sections, however, do not exist and Plaintiffs' claim should be dismissed.

Plaintiffs may have intended to assert claims under 15 U.S.C.§ 1681s-2(a)(1)(B) which provides that a person shall not report inaccurate information after notice and confirmation of errors. See, § 1681s-2(a)(1)(B); see also, Complaint ¶ 27 (alleging that Certegy violated 15 USCS § 1681s(2)(b) of the FCRA "…by continuing to report erroneous information after it received notice and confirmation of errors in its reports."). Plaintiff also may have intended to assert claims under 15 USC § 1681s-2(a)(3) which provides that a person has a duty to provide notice of a consumer's dispute as to the completeness or accuracy of information. See § 1681s-2(a)(3); see also, Complaint, ¶ 27 (claiming that Certegy violated the 15 USCS § 1681s(2)(a)(3) of the FCRA "…by not reporting that accuracy of the information in its credit report was disputed.").

3

Even if Plaintiffs had correctly cited these portions of the statute, dismissal is appropriate as a matter of law because there is no private right of action under these statutory provisions. "…[T]here is no private cause of action under 1681s-2(a)." *Pinson v. Equifax*, 2009 U.S.App. LEXIS 4857 (10th Cir.) *citing Gorman v. Wolpoff & Abramson, LLP,* 552 F.3d 1008, 1014 (9th Cir. 2009) ("Duties imposed on furnishers under subsection (a) are enforceable only by federal or state agencies"); *see also, Economou v. Wells Fargo, et al.*, United States District Court, District of New Mexico, Civ. No. 03-0405 MV/RLP (Memorandum Opinion and Order, Vazquez, January 26, 2004) ("…[U]nder Section 1681s-2(a), furnishers of credit information have a duty to provide accurate information to a credit reporting agency…However, there is no private right of action for violations of this section").

**IV.     Plaintiffs have not alleged facts sufficient to establish the claim of Portrayal of a Person in a False Light.**

In a false light invasion of privacy action under New Mexico law, the plaintiff must prove he "is given unreasonable and highly objectionable publicity that attributes to [him] characteristics, conduct or beliefs that are false, and so is placed before the public in a false position." *Garcia v. Aerotherm Corp.*, 1999 U.S. App. LEXIS 33395, * 21 (10th Cir.) *citing Moore v. Sun Publishing Corp.*, 118 N.M. 375, 881 P.2d 735 (Ct. App. 1994); *see also,* Restatement (Second) of Torts, § 652E cmt. b.   The tort requires proof of a "false statement of fact." *Schuler v. McGraw-Hill Cos.*, 989 F.Supp. 1377, 1390 (D.N.M. 1997).   It also requires that the information portraying the person in a "false light" is publically disseminated. The tort of false light requires "publicity." *Andrews v. Stallings,* 119 N.M. 478, 493, 892 P.2d 611 (Ct. App. 1995).  Plaintiffs have not pled either element.

First, Plaintiffs have not even identified Certegy's allegedly false statement.  Rather, Plaintiffs allege that Certegy is a "check authorization service" whose representations defamed

4

them by "causing them to be portrayed in a false light that implied they were not creditworthy." *Id.*, ¶¶ 6, 23. Plaintiffs, however, do not state why the checks were allegedly declined or what 'false representation' Certegy made related to the checks being declined. In fact, Plaintiffs reveal that the check rejections had nothing to do with any alleged false representations from Certegy, but rather Mr. Montano's personal check fell within the parameters of high risk patterns Certegy was tracking at Walgreens; Montano & Associates' business check was rejected because of a bank input error; and, the payroll check did not satisfy the risk management guidelines for the company at which the employee was attempting to cash his check. *Id.*, ¶¶ 14, 17 and 21. None of these are "false statements" and Plaintiffs cannot satisfy the first element of a claim for Count I of the Complaint, Publicity Portraying a Person in a False Light.

Even if Plaintiffs could satisfy this most basic element of this cause of action, which Certegy denies, Plaintiffs have not alleged public dissemination of the allegedly false information. Plaintiff Montano alleges one rejected check from Walgreens. He does not state what the Walgreens employee said in relation to the rejection or how many people were aware of the rejection. Similarly, Plaintiff Montano & Associates allege two rejected checks. Again, there is no information as to what the parties rejecting the checks stated or how many people were aware of the rejection.

In *Fernandez-Wells v. Beauvais*, 127 N.M. 487 (Ct. App. 1999), our Court of Appeals recognized that the "publicity" requirement in false-light cases is defined by the Restatement (Second) of Torts (in the section addressing "Publicity Given to Private Life" but, as stated by the Court, is coextensive to the publicity requirement for false light claims):

> The "publicity" requirement of a false light claims "means that the matter is made public, by communicating it to the public at large, or to so many persons that **the matter must be regarded as substantially certain to become one of public knowledge**. The difference is not one of the means

5

>of communication, which may be oral, written or by any other means. It is
>one of a communication that reaches, or is *sure* to reach, the public.

Restatement (Second) of Torts, Section 652(D), comment a (emphasis added).

Plaintiffs do not allege communication in such a manner that "the matter must be regarded as substantially certain to become one of public knowledge." Even if Plaintiffs could establish dissemination of false information, there is no indication that it was disseminated beyond (1) a Walgreens employee, (2) a Harbor Freight Tools employee, (3) Defendant's employee James Kapuchin, and (4) a person where Mr. Kapuchin tried to cash his payroll check. *See* Complaint, ¶¶ 10, 11 and 19. Plaintiffs cannot satisfy the broad publicity requirement of the false light tort.

**V.     Plaintiffs cannot maintain a claim for Violation of the Unfair Practices Act**

New Mexico's Unfair Practices Act applies to "false or misleading oral or written statements…knowingly made in connection with the sale, lease, rental or loan of goods or services or in the extension of credit or in the collection of debts…" NMSA 1978, § 57-12-2 (D); *see also,* Complaint, ¶ 31 (Plaintiffs allege that Certegy "disparaged the services of the Plaintiffs through false and/or misleading representations"). As set forth above in section II, however, Plaintiffs have failed to identify any false or misleading representations that Certegy supposedly made.

Even if Plaintiffs could show that Certegy made any false or misleading representations relating to the three checks which were rejected, which Certegy denies, these rejections may only give rise to a claim under the UPA if they "may, tend to, or do deceive" any person about

Plaintiff's business, goods or services.  NMSA 1978, § 57-12-2(D)(8).[3]  Plaintiffs claim that the rejected checks "implied they were not creditworthy" and that such an implication "would be highly offensive to a reasonable business owner whose professional reputation depends on honesty and competence in financial matters." Complaint, ¶¶ 23, 24.  There is no claim, however, that Plaintiffs' checks were rejected for any reason related to their competence in financial matters.  Complaint, ¶¶ 14, 17 and 21 (Mr. Montano's personal check fell within the parameters of high risk patterns Certegy was tracking at Walgreens, Montano & Associates' business check was rejected because of a bank input error and the payroll check did not satisfy the risk management guidelines for the company at which the employee was attempting to cash his check).

Finally, even if Plaintiff could state a claim under the UPA, it is pre-empted by the Fair Credit Reporting Act which specifically preempts state law causes of action with respect to any subject matter regulated under section 15 U.S.C.A. § 1681s-2.  *See,* 15 U.S.C.A. § 1681t(b)(1)(F) ("No requirement or prohibition may be imposed under the laws of any State…with respect to any subject matter regulated under…Section 1681s-2 of this title…").[4]  As set forth above, Plaintiffs likely intended to allege that Certegy violated section. § 1681s-2. *See section* III, *supra*

---

[3] Upon information and belief, Plaintiffs' claim under the UPA arises under NMSA 1978, § 57-12-2(D)(8) which states that an unfair or deceptive trade practice means any false or misleading oral or written statement…which may, tends to or does deceive or mislead any person and includes but is not limited to "disparaging the goods, services or business of another by false or misleading representations."  Plaintiffs' Complaint alleges, "Certegy has disparaged the services of the Plaintiffs through false and/or misleading representations."  Complaint. ¶ 31.

[4] Under Section 1681h(e), the FCRA makes credit-reporting agencies immune from suits "in the nature of defamation, invasion of privacy, or negligence" that arise from false information in a consumer credit report, unless the consumer can show that the "false information [was] furnished with malice or willful intent to injury such consumer."  15 U.S.C. § 1681h(e).  Count I of Plaintiffs' Complaint alleges that they were harmed by Certegy's "defaming them and causing them to be portrayed in a false light…" Complaint, ¶ 23.  Plaintiffs allege, however, that Certegy acted "with knowledge and reckless disregard." *Id.*  Because this meets the stand for "malice" under the FCRA, Certegy has not relied on the defense of pre-emption in relation to the false light claim in Count I of the Complaint.

Section § 1681s-2 spells out the duties of furnishers of information to credit reporting agencies to provide accurate information, including the duty not to furnish information if the furnisher has been notified by the consumer that specific information is inaccurate, and such information is in fact inaccurate; the duty to correct and update information promptly upon determining that previously submitted information is not complete or accurate; the duty to notify consumer reporting agencies if information furnished is disputed by the consumer; and so on. *See* 15 U.S.C. §§ 1681s-2(a)(1)(B)(i), 1681s-2(a)(2), 1681s-2(a)(3). That section also requires furnishers of information to investigate upon notice of a dispute with regard to the completeness or accuracy of any such information furnished to consumer reporting agencies. *See* 15 U.S.C. § 1681s-2(b)(1).  Plaintiffs' UPA claims against Certegy fall within the ambit of 1681s-2 and, therefore, are preempted. *See Ross v. Wash. Mut.* Bank, 566 F.Supp.2d 468, 475-476 (N.D.N.C.) (for detailed history of § 1681t(b)(1)(F) and finding that it preempted plaintiff's claim under North Carolina's Unfair and Deceptive Trade Practices Act); *Sites v. Nationstar Mortg. LLC*, 2009 U.S. Dist. LEXIS 3144, * 35 (M.D. Pa.) (granting defendant's motion to dismiss plaintiff's claim for violation of Pennsylvania's Unfair Trade Practices and Consumer Protection Law on the grounds it was preempted by § 1681t(b)(1)(F) which "preempts…state statutory claims").[5]

## VI.   Conclusion

For the forgoing reasons, Certegy respectfully requests this Court dismiss Plaintiffs' Complaint in its entirety and award whatever additional relief the Court deems just.

---

[5] In *Apodaca v. Discovery Fin. Servs.*, 417, F.Supp.2d 1220 (D.N.M. 2006), Judge Armijo found that 15 U.S.C. § 1681h(e) preempts certain "state *common law* defamation claims." *Id.*, p. 1235 (emphasis in original).  She then held that § 1681h(e) did not preempt the plaintiff's claim under New Mexico's Credit Bureaus Act, NMSA §§ 56-3-1 to 56-3-8. Judge Armijo did not address preemption under § 1681t(b)(1)(F).

        MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By: */s/ Megan T. Muirhead*
Douglas G. Schneebeck
Megan T. Muirhead
Attorneys for Defendant Certegy
Post Office Box 2168
Bank of America Centre
500 Fourth Street NW, Suite 1000
Albuquerque, New Mexico 87103-2168
Telephone: 505.848.1800

WE HEREBY CERTIFY that a copy of the foregoing pleading was mailed to:

KELEHER & McLEOD, P.A.,
Jeffrey Dahl, Esq.
P.O. Box AA
Albuquerque, NM 87103

this 17th day of July, 2009.

MODRALL, SPERLING, ROEHL, HARRIS & SISK, P.A.

By */s/ Megan T. Muirhead*
Douglas G. Schneebeck

W1002415