IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SIEGFRIED MONTANO**, individually and
 **SG MONTANO LTD. PRNS d/b/a MONTANO**
**& ASSOCIATES, CPAS**, a limited liability partnership,

       Plaintiffs,

    v.                                          Case No. 1:09-CV-00695 BB/ACT

**CERTEGY CHECK SERVICES, INC.**,

       Defendant.

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 4).  For the reasons set forth below, Defendant's motion is denied.  Additionally, Plaintiffs are granted ten days to amend their Complaint in order to provide a more definite statement of their federal cause of action.

**<u>Factual and Procedural Background</u>**

Plaintiffs' suit centers on the allegation that Siegfried Montano and his accounting company, Montano & Associates, CPAs, (collectively "Montano") sustained damages after local businesses relied on information provided by Defendant Certegy Check Services, Inc. ("Certegy") in rejecting Montano's checks.  Specifically, Montano takes issue with three rejections: (1) when his personal check to Walgreens was rejected because it "matched unspecified high risk patterns Certegy was tracking at Walgreens that day"; (2) when his company check to Harbor Freight Tools was rejected because of a "bank input or combination error"; and (3) when his company's payroll check was rejected because it "met proprietary risk

1

guidelines for payroll checks."   Contending that Certegy was involved in each of these rejections—a contention that Certegy does not dispute—Montano seeks to assert claims under 15 U.S.C. §§ 1681s(2)(b) and 1681s(2)(a)(3) of the Fair Credit Reporting Act ("FCRA"), the New Mexico Unfair Practices Act, and under New Mexico tort law for publicly portraying him in a false light.   Certegy moves to dismiss those claims under Rule 12(b)(6).

In July, Certegy removed the case based on federal-question jurisdiction by claiming that Montano's Complaint alleged a federal cause of action under 15 U.S.C. §§ 1681s(2)(b) and 1681s(2)(a)(3).   Federal-question jurisdiction exists when a plaintiff's well-pleaded complaint establishes either (1) that the plaintiff's cause of action is created by federal law or (2) that the plaintiff's state-law-created cause of action necessarily depends on the resolution of a substantial question of federal law.  *See, e.g., Nicodemus v. Union Pacific Corporation*, 318 F.3d 1231, 1236 (10th Cir. 2006); *see also generally Morris v. City of Hobart*, 39 F.3d 1105, 1111 (10th Cir. 1994).  Certegy's Notice of Removal does not assert that Montano's claims require the resolution of a substantial question of federal law, but, instead, implies that federal-question jurisdiction exists because Montano's cause of action is created by federal law–specifically by §§ 1681s(2)(b) and 1681s(2)(a)(3). (Doc.1) ("This action involves a federal question and, as such, is an action over which this Court has original jurisdiction under 28 U.S.C. § 1331. Specifically, Plaintiffs assert claims against Defendant for alleged violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C.S. § 1681s.").

Having removed on that basis, Certegy immediately moved this Court to dismiss Montano's suit because, *inter alia*, §§ 1681s(2)(b) and 1681s(2)(a)(3) do not exist.  (Doc. 4). Because no amendments were made to § 1681s between the filing of Certegy's removal and the

filing of its motion to dismiss moments later, the Court is struck by the apparent incongruity of

Certegy's notice-of-removal statement that §§ 1681s(2)(b) and 1681s(2)(a)(3) created federal

causes of action sufficient for jurisdiction and their motion-to-dismiss statement that §§

1681s(2)(b) and 1681s(2)(a)(3) do not exist.[1]

Nonetheless, Montano's Complaint contains sufficient allegations and specificity to

indicate that a claim is being asserted under the FCRA.  *See* (Doc. 1, Exh. 1) ("Count II:

Violation of Fair Credit Reporting Act").  That Montano has apparently miscited the statute on

which he relies is not dispositive of this Court's jurisdiction.  *See, e.g., Brown Bros. Cypen Corp.

v. Carner Bank of Miami Beach*, 287 F.Supp. 700, 701 (S.D.N.Y. 1968) ("It would exalt form

over substance if a clerical mistake or omission were to result in a remand of the suit where the

federal jurisdiction is not doubtful."); *Austin, ex rel. Rosenberg v. Harbor Behavioral Health

Care Institute,* 2007 WL 2050912 at *1 (M.D.Fla. 7/16/07) (unpublished) (holding that

typographical error in plaintiff's citation to federal statute does not prevent federal-question

jurisdiction); *see also* (Doc. 4) ("Plaintiffs may have intended to assert claims under 15 U.S.C. §

1681s-2(a)(1)(B).").

Montano, for his part, recognizes the deficiency of his pleading and seeks leave to amend

his Complaint in order to clarify his FCRA claim. (Doc. 9) ("[T]o the extent that a more definite

statement is needed or that the Complaint needs to be amended to allege claims under 15 U.S.C.

§ 1681n, Plaintiffs request that they be allowed to so amend their Complaint if it is not otherwise

---

[1]  The incongruity is further manifest in Certegy's motion to dismiss itself, which, on page
two, contends that federal jurisdiction is present because "Plaintiffs' Complaint asserts a claim
for a violation of the Fair Credit Reporting Act, 15 U.S.C. §§ 1681s(2)(b) and 1681s(2)(a)(3),"
and, on page three, states that "[15 U.S.C. §§ 1681s(2)(b) and 1681s(2)(a)(3)] do not exist."

clear from the allegations in the Complaint.").  Certegy opposes Montano's request for leave to amend, countering that any possible amendment to Montano's claim would be futile—arguing, in effect, that Montano can make no allegations that would add up to a viable FRCA claim.[2]

Under Fed. R. Civ. Proc. 15, Montano does not need the Court's leave to amend his Complaint because Certegy has not served him with–nor has it filed–a responsive pleading.   Fed. R. Civ. Proc. 15(a)(1)(A) (party may amend once as a matter of course provided it has not been served with a responsive pleading); *see also Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (recognizing that a motion to dismiss is not a responsive pleading.).  This Court cannot take from Montano what the Federal Rules of Civil Procedure expressly grant him.  In order to a avoid a race to the courthouse, and the hastily prepared pleadings that it would entail, the Court grants Montano ten days in which to amend his Complaint to state a viable FRCA claim.  If Montano fails to amend in that time, and if Certegy files and serves a responsive pleading, the Court will look unkindly on any subsequent requests to amend the Complaint.

In light of the possibility of Montano's forthcoming amendment, and the additional allegations that it is likely to contain, Certegy's motion to dismiss is denied without prejudice.

## ORDER

A Memorandum Opinion having been entered this date, it is hereby ORDERED that Defendant's Motion to Dismiss Plaintiffs' Complaint (Doc. 4) be, and hereby is, DENIED WITHOUT PREJUDICE.  It is further ORDERED that the Plaintiffs shall have ten days from

---

[2]  This Court is not convinced that Montano would be unable to state a viable claim and, if necessary, would grant Montano leave to amend.  *See generally Foman v. Davis*, 371 U.S. 178, 182 (1962).

today's date to amend their Complaint to provide a more definite statement of their federal cause of action.

Dated this 23rd day of October, 2009.

_____

BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE