IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**SIEGFRIED MONTANO**, individually, and
SG MONTANO LTD. PTNRS d/b/a MONTANO
& ASSOCIATES, CPA'S, a limited partnership,

 Plaintiffs,

  v.               CIV No. 09-695 BB/ACT

**CERTEGY CHECK SERVICES, INC.,**

 Defendant.

**MEMORANDUM OPINION**

This matter comes before the Court on Defendant's Motion for Summary Judgment (Doc. 33). As the parties researched the matter and filed memoranda in support of their positions regarding this motion, they both reached the conclusion that Plaintiff's Fair Credit Reporting Act ("FCRA") claims should be dismissed. Doc. 39, p. 9-10; Doc. 34, p. 15-18. After dismissing the FCRA claims, no federal law claims remain–only claims based on state law[1]. Although the Court initially exercised discretionary supplemental jurisdiction over the state law claims, it will no longer do so as the original basis for subject matter jurisdiction has been vitiated. The Court will

---

[1] The Court notes that Defendant has raised a federal preemption defense to Plaintiffs' New Mexico Unfair Practices Act claims. Doc. 34, p. 19. A federal defense alone, including preemption, does not suffice as a basis for federal question jurisdiction. *Caterpillar Inc. v. Williams*, 482 U.S. 386, 393 (1987). However, a federal preemption defense would provide federal question jurisdiction where "the pre-emptive force of a statute is so extraordinary that it converts an ordinary state common-law complaint into" a federal question one. *Id*. (internal quotations omitted). The Labor Management Relations Act is an example of a federal statute with such 'extraordinary pre-emptive force.' *Id*. at 394. Defendants have not provided and the Court has not found any legal basis for treating the FCRA as a statute with 'extraordinary' pre-emptive force. *Compare id.*; *Felix v. Lucent Technologies, Inc.*, 387 F.3d 1146, 1156 (10 Cir. 2004) (noting that a state law claim is only completely preempted if it can be recharacterized as a claim under federal law). Therefore, Defendant's federal preemption defense does not provide independent federal question jurisdiction.

dismiss this case pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction.

## Discussion

Plaintiffs originally filed this suit in state court; Defendant timely removed the suit to this Court.  Doc. 1.  This Court had original jurisdiction over the FCRA claims pursuant to 28 U.S.C. § 1331.  The Court granted Defendant's request to exercise supplemental jurisdiction over the state law claims that formed part of the "same case or controversy" as provided for in 28 U.S.C. § 1367(a).

Plaintiff Montano & Associates later conceded that it is not an "individual" under the FCRA, and therefore it may not bring a FCRA claim.  Doc. 33, p. 9.  Plaintiff Montano accepted Defendant's Offer of Judgment, thereby resolving his individual FCRA claim against Defendant. *Id*.  Plaintiffs now concede that their "FCRA claims are no longer at issue in the instant matter," and so they "need not be considered further for final disposition in this matter."  *Id*. at p. 10.  Now that the FCRA claims are no longer viable, the Court must determine whether it should continue to exercise discretionary supplemental jurisdiction over the remaining state law claims.

Federal supplemental subject matter jurisdiction over state law claims "is extended at the discretion of the court and is not a plaintiff's right."  *TV Communications Network, Inc. v. Turner Network Television, Inc*., 964 F.2d 1022, 1028 (10th Cir. 1992) (citing *United Mine Workers v. Gibbs*, 383 U.S. 715, 726(1966)).  "[A] federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction over a case brought in that court involving pendent state-law claims."  *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). In the interest of comity and federalism, district courts are advised against making "needless decisions of state law."  *TV Communications Network, Inc.* 964 F.2d at 1028.  If federal claims are dismissed before trial, leaving only issues of state law, the federal district court should decline to

exercise supplemental jurisdiction by dismissing the case without prejudice. *Brooks v. Gaenzle*, 614 F.3d 1213, 1229 (10th Cir. 2010) (citing *Carnegie-Mellon Univ.,* 484 U.S. at 350).

The parties agree that the FCRA claims–the only federal claims in this suit–should be dismissed. Doc. 39, p. 9-10; Doc. 34, p. 15-18. All that remains then are Plaintiffs' state-law claims of portraying a person in a false light (Doc. 39, p. 6) and New Mexico Unfair Trade Practices Act violations (Doc. 39, p.10). The suit is not yet at trial, so issues of judicial economy and fairness are not implicated here. *See, Carnegie-Mellon Univ.*, 484 U.S. at 350. Rather, the issues of comity and federalism are at the forefront, because the Court would have to decide matters of state law if it continued to exercise jurisdiction over the claims. *See McWilliams v. Jefferson County*, 463 F.3d 1113, 1117 (10 Cir. 2006).

"Notions of comity and federalism demand that a state court try its own lawsuits, absent compelling reasons to the contrary." *Thatcher Enters. v. Cache County Corp.*, 902 F.2d 1472, 1478 (10th Cir.1990). The parties have not presented compelling reasons why this suit should be tried in federal rather than state court. On the contrary, Defendant removed this case to this Court pursuant to federal question jurisdiction (Doc. 1), then filed a motion to dismiss based, in part, on its allegation that the federal FCRA claims were meritless (Doc. 4, p. 3). Indeed, Plaintiffs have since conceded that the federal FCRA are meritless. Doc. 39, p. 9-10. All are in agreement that the only claims remaining are ones of state law. *See* Doc. 39, p. 9-10; Doc. 34, p. 15-18. Thus there is not a compelling reason to maintain jurisdiction over this suit, and the state law claims would be better addressed in state court. *See, Gaenzle*, 614 F.3d at 1229; *TV Communications Network, Inc.* 964 F.2d at 1028; *Thatcher Enters.*, 902 F.2d at 1478.

The instant case will be dismissed without prejudice..

_____
BRUCE D. BLACK
UNITED STATES DISTRICT JUDGE